UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BRYAN CHRISTIAN,

                      Plaintiff,

      -against-

KEVIN KELLY, in his individual and official
capacities,

                      Defendants.
---------------------------------------------------------x

**ORDER GRANTING
MOTION TO DISMISS**

14-CV-07416 (PKC)(SMG)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Bryan Christian brings this excessive force claim under 42 U.S.C. § 1983 ("Section 1983"), alleging that he sustained injuries as a result of being handcuffed during an arrest by Defendant Kevin Kelly, a New York City Police Department Officer. Defendant moved to dismiss Plaintiff's Complaint. (Dkts. 27, 29.) Plaintiff did not file an opposition, despite receiving two extensions of time to do so. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND[1]

On August 6, 2014, Plaintiff was chased by a group of men after being pointed out as an accomplice to a robbery. (Dkt. 1 ("Compl.") ¶¶ 3-4.) When the men caught up to Plaintiff, they "[c]hoked, punched, kicked" Plaintiff and pinned him to the ground while the police were being called. (*Id.* ¶¶ 5-7.) Plaintiff alleges that when Officer Kelly arrived on the scene, he "snatched [Plaintiff's] left arm while [Plaintiff] was still on the ground," and "squeezed a bracelet to a set of handcuffs all the way tight on [his] left wrist until it could be closed no more, pulled this same arm

---

[1] The facts in this section are drawn from the allegations contained in the Complaint, and are deemed to be true for purposes of this motion. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (a district court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff).

up while twisting it in a counter clock direction and forced it behind [his] back where this officer then handcuffed [his] right wrist." (*Id.* ¶ 8.) Plaintiff alleges that he suffered "excruciating pain from [his] left wrist" when Defendant then lifted him off the ground by his left arm. (*Id.* ¶ 9.) While this was happening, Plaintiff yelled: "This cuff is [too] tight. You're breaking my arm. Can you please loosen the handcuff?" (*Id.* ¶ 9.)

After being taken to the 79th Precinct, Plaintiff complained of experiencing pain around his left wrist, behind his left ear "where [he] suffered a blow from one of the men in the group that gave chase," and his right ankle. (*Id.* ¶ 11.) Plaintiff was taken to Woodhull Hospital two days later, on August 8, 2014. (*Id.* ¶ 14.) At the hospital, he again complained about a lump or bruise behind his left ear, as well as swelling on his right ankle, left wrist, and right thumb. (*Id.* ¶ 15.) Plaintiff alleges that x-rays were taken of his right thumb and right ankle (though not his left wrist or the bruise behind his left ear), and that he was prescribed pain medication; a doctor or staff member also wrapped his right ankle in a bandage. (*Id.* ¶¶ 16-17.) When Plaintiff inquired as to the bruise behind his left ear and the pain from his left wrist, a female staff member whom Plaintiff believed to be a doctor told him to take the pain medication. (*Id.* ¶ 18.) Three weeks later, at Riker's Island, a doctor saw Plaintiff again and gave him a cane to assist him. (*Id.* ¶ 20.) The doctor also ordered x-rays "for the areas where [he] was still experiencing pain," though Plaintiff does not specify where. (*Id.*) Plaintiff alleges that as of the date on the face of the Complaint, October 11, 2014, he was still taking pain medication and awaiting these x-ray results. (*Id.* ¶ 21.)

## DISCUSSION

The only claim that remains in this case is Plaintiff's Section 1983 claim of excessive force against Officer Kelly based on his handcuffing of Plaintiff.[2]

Courts in the Second Circuit apply a specific standard to claims of excessive force based on a law enforcement officer's use of handcuffs. *See, e.g.*, *Hanniford v. City of New York*, No. 12-cv-0040, 2015 WL 588766, at *2 (E.D.N.Y. Feb. 11, 2015); *Sachs v. Cantwell*, No. 10-cv-1663, 2012 WL 3822220, at *14 (S.D.N.Y. Sept. 4, 2012). This standard reflects the need to balance the "right to use some degree of coercion," including the use of tight handcuffs "to prevent the arrestee's hands from slipping out," *Esmont v. City of New York,* 371 F. Supp. 2d 202, 214 (E.D.N.Y. 2005) (citation omitted), with the use of "overly tight handcuffing" that could constitute excessive force, *Lynch ex rel. Lynch v. City of Mount Vernon,* 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (citations omitted). When considering whether handcuffing constitutes excessive force, a court "is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists." *Dunkelberger v. Dunkelberger*, No. 14-cv-3877, 2015 WL 5730605, at *14 (S.D.N.Y.

---

[2] Plaintiff initially brought this action against the 79th Precinct of the New York Police Department, two Doe doctors, and Woodhull Hospital in addition to a John Doe police officer. (*See* Dkt. 1.) Plaintiff's claims against these other defendants were dismissed for failure to state a claim. (*See* 6/9/15 Order.) On July 22, 2015, the Corporation Counsel of the City of New York identified the Doe officer as Kevin Kelly. (Dkt. 12.) To the extent that Plaintiff's Complaint may be liberally construed to be alleging a false arrest claim in light of Plaintiff's references to his purported innocence, the Court finds that such claim is barred because Plaintiff's guilty plea in State criminal court establishes probable cause as a matter of law. *See* Criminal Court Transcript, Byrns Decl. Ex. D (Dkt. 28-4) (transcript of guilty plea); *Othman v. City of New York*, No. 13-cv-4771, 2015 WL 1915754, at *3 (E.D.N.Y. Apr. 27, 2015) (district court may take judicial notice of matters of public record in deciding a motion to dismiss, such as the disposition of a State criminal court proceeding); *Routier v. O'Hara*, 2013 WL 3777100, at *5 (E.D.N.Y. July 17, 2013) ("Probable cause for the arrest is conclusively established where there is a valid prosecution resulting in a conviction, including where the individual is convicted upon a guilty plea.").

Sept. 30, 2015) (citing *Usavage v. Port Auth. of New York & New Jersey*, 932 F. Supp. 2d 575, 592 (S.D.N.Y. 2013)). Additionally, there is a "consensus among courts in [the Second Circuit] that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." *Harris v. Nassau Cty.*, No. 13-cv-4728, 2016 WL 3023265, at *10 (E.D.N.Y. May 24, 2016) (citation omitted). "These injuries need not be severe or permanent, but must be more than merely *de minimis*." *Selvaggio v. Patterson*, 93 F. Supp. 3d 54, 74 (E.D.N.Y. 2015) (quoting *Usavage*, 932 F. Supp. 2d at 592) (internal quotation marks omitted).

Here, although Plaintiff alleges that he complained to Defendant that the handcuffs were too tight and were hurting him, and that Defendant did not loosen them, (Compl. ¶ 9), Plaintiff's allegations of injury are insufficient to state a claim. While Plaintiff alleges that he experienced "excruciating" pain around his left wrist at the time of the handcuffing, (*id.* ¶ 9), Plaintiff references only generalized pain on his left wrist following the arrest and "swelling" in that same area when he was admitted to Woodhull Hospital two days later (*id.* ¶ 11). These minor injuries are routinely rejected by courts in this Circuit as insufficient to support a claim of excessive force. *See, e.g.*, *Gonzalez v. Bronx Cty. Hall of Justice Court Officer Mark Hirschman Shield 7421*, No. 15-cv-810, 2016 WL 354913, at *4 (S.D.N.Y. Jan. 28, 2016) ("bruising and abrasions" from tight handcuffs "are precisely the type of minor injuries routinely held by courts in [the Second Circuit] to be insufficient to state a claim of excessive force"); *Hilderbrandt v. City of New York*, No. 13-cv-1955, 2014 WL 4536736, at *8 (E.D.N.Y. Sept. 11, 2014) (dismissing excessive force claim where a plaintiff claimed that excessively tight handcuffs caused "soreness to his wrists and bruises to his thumbs that lasted 'a couple days'"); *Guerrero v. City of New York*, No. 12-cv-2916, 2013 WL 5913372, at *6 (S.D.N.Y. Nov. 4, 2013) (allegations that tight handcuffs caused "swelling and contusions" failed to state a claim of excessive force); *Lozada v. City of New York,* No. 12-cv-38,

2013 WL 3934998, at *5 (E.D.N.Y. July 29, 2013) (granting motion to dismiss excessive force claim because the plaintiff's "vague reference to 'injuries'" and a "complaint of a swelled wrist [were] insufficient"); *Reary v. Beneri*, No. 09-cv-4444, 2011 WL 5546237, at *4, n.4 (E.D.N.Y. Nov. 9, 2011) (allegations that tight handcuffs caused "heavy swelling in both wrists" insufficient to state a claim of excessive force).

Accordingly, this Court dismisses Plaintiff's claim of excessive force in connection with his August 6, 2014 arrest for failure to state a claim.

## CONCLUSION

For all of the foregoing reasons, the Court dismisses Plaintiff's claim of excessive force without prejudice. The Clerk of Court is respectfully directed to enter judgment accordingly.

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 3, 2016
      Brooklyn, New York